David M. King, Esq. (Bar No. 95279)
Jeremy A. Burns, Esq. (Bar No. 239917)
CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation
216 Park Road
P.O. Box 513
Burlingame, California 94011-0513
Telephone:   (650) 342-9600
Facsimile:   (650) 342-7685

Attorneys for Defendant City of San Mateo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORIA

TEVITA L. NAUFAHU: Father/Grandfather; KASITALEA GUS NAUFAHU: Father/Parent; LUISA A.P. NAUFAHU: Wife/Parent; DAVID L. NAUFAHU: minor son; and GEORGE L. NAUFAHU: minor son,

Plaintiffs,

vs.

CITY OF SAN MATEO, et al.

Defendants.

No. C 07-05189 MMC

**THE CITY OF SAN MATEO'S CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

Action Filed: August 15, 2007

1.  **Jurisdiction and Service:**

    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331. A copy of the Summons and Complaint was served on the city clerk of the City of San Mateo on August 15, 2007. The individual defendants have not been served.

2.  **Facts:**

    Plaintiffs Tevita L. Naufahu, Kasitalea Gus Naufahu, Luisa A.P. Naufahu, David, Naufahu, and George Naufahu ("Naufahu") allege in their complaint ("Complaint") that City of San Mateo police officers and county probation officers ("Police") unlawfully entered the Naufahu's home on October 20, 2006 and conducted an unlawful search and seizure. San Mateo

26839.00012\BGLIB1\1353023.1                 1

asserts that Police obtained valid consent before entering or searching the residence.

3. **Legal Issues:**

    a.    Whether the Police's entry into the Naufahu's residence was unlawful.

    b.    Whether the Police's search of George Naufahu's room was unlawful.

4. **Motions:**

None currently planned.

5. **Amendment of Pleadings:**

Not applicable.

6. **Evidence Preservation:**

San Mateo has collected the records in its possession concerning Plaintiffs' allegations.

7. **Disclosures:**

Rule 26 disclosures are due January 11, 2008.

8. **Discovery:**

No discovery has yet taken place.

Under Rule 26 (f) San Mateo proposes to the Court the following discovery plan.

Discovery will be needed on the following subjects:

The facts and circumstances of the visit to the Naufahu residence on October 20, 2006. San Mateo will take the depositions of all of witnesses of the visit to the Naufahu residence on October 20, 2006.

All discovery commenced in time to be completed by September 1, 2008.

Maximum of 75 interrogatories by each party to the other party. Responses are due within 30 days of service.

Maximum of 75 requests for admissions by each party to the other party. Responses are due within 30 days of service.

Maximum of 5 depositions by plaintiff and 5 by defendant.

Each deposition limited to maximum of 7 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

- from plaintiff by October 1, 2008

- from defendant by October 1, 2008

Supplementations under Rule 26(e) due October 15, 2008.

9. **Class Actions:**

   Not applicable.

10. **Related Cases:**

    Not applicable.

11. **Relief:**

    The Complaint seeks $2 million dollars in damages:

    - $300,000 for Unreasonable Search and Seizure;
    - $300,000 for Illegal Detention;
    - $300,000 for No Search Warrant;
    - $300,000 for False Imprisonment;
    - $800,000 Negligent Infliction of Emotional Distress; and
    - $500,000 for Punitive Damages.

12. **Settlement and ADR:**

    San Mateo has filed its ADR Certification and Notice of ADR Phone Conference and the parties had an ADR phone conference.

13. **Consent to Magistrate Judge for All Purposes:**

    San Mateo has not consented to a proceeding before a United States Magistrate Judge.

14. **Other References:**

    Not applicable.

15. **Narrowing of Issues:**

    Not applicable.

16. **Expedited Schedule:**

    Not applicable.

17. **Scheduling:**

    Designation of Experts: March 1, 2008

    Discovery Cut-Off: September 1, 2008

Dispositive Motions: November 17, 2008

Pre-Trial Conference: February 2, 2009

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

- from plaintiff by January 19, 2009.
- from defendants by January 19, 2009.
- objections under Rule 26(a)(3) due January 30, 2009.

Trial: February 16, 2009.

**18. Trial:**

San Mateo has demanded a jury trial. San Mateo expects the trial to last one week.

**19. Disclosure of Non-Party Interested Entities or Persons:**

This rule is not applicable to "any governmental entity or its agencies." Civil Local Rule 3-16.

**20. Other matters:**

Not applicable.

Dated: January 11, 2008

CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
Professional Law Corporation

By: *[signature]*

David M. King/Jeremy A. Burns
Attorneys for Defendant
CITY OF SAN MATEO

**CASE MANAGEMENT ORDER**

San Mateo's January 11, 2008 Case Management Statement and Proposed Order is hereby adopted by the Court as a Case Management Order for the case, and the parties are ordered to comply with this Order with the following modifications:

- Further Case Management Conference:
- Last day for supplemental disclosures:
- Summary Judgment motion:
- Discovery cut-off:
- Expert Designations:
- Expert Counter-Designations:
- Expert Discovery cut-off:
- Last day to hear dispositive motions:
- Pretrial conference:
- Trial Date:

**IT IS SO ORDERED.**

Dated: _____

_____
MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE

**PROOF OF SERVICE**

I am employed by the law firm of Carr, McClellan, Ingersoll, Thompson & Horn Professional Law Corporation in the County of San Mateo, California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 216 Park Road, P.O. Box 513, Burlingame, California 94011-0513.

I certify that the original papers filed with the Court and all copies of papers, documents, and exhibits, whether filed with the Court or served on other parties, are prepared on recycled paper. On the date set forth below I served the within:

- **THE CITY OF SAN MATEO'S CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

on the parties in this action, by placing a true copy thereof in a sealed envelope addressed as follows:

Pro Se Litigants:

Tevita L. Faufahu
(Father/Grandfather)
14 North Humboldt Street
San Mateo, CA  94401

Kasitalea Gus Naufahu
(Father/Parent)
14 North Humboldt Street
San Mateo, CA  94401

Luisa A.P. Naufahu (Wife/Parent)
14 North Humboldt Street
San Mateo, CA  94401

David L. Naufahu (minor son [16])
14 North Humboldt Street
San Mateo, CA  94401

George L. Naufahu (minor son [14])
14 North Humboldt Street
San Mateo, CA  94401

**By placing in office mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package

1 | was placed in the mail at Burlingame, California.

2 |     I declare under penalty of perjury under the laws of the State of California that the
3 | foregoing is true and correct.

4 | Dated: January 11, 2008

5 |                                         Lori J. Stumpf