MORGAN, LEWIS & BOCKIUS LLP
Molly Moriarty Lane (State Bar # 149206)
Edward J. Donnelly (State Bar #220980)
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415-442-1000
Fax: 415-442-1001
E-mail: edonnelly@morganlewis.com

Attorneys for Plaintiff
Luisa A.P. Naufahu

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TEVITA L. NAUFAHU; Father/Grandfather; KASITALEA GUS NAUFAHU; Wife/Parent; LUISA A.P. NAUFAHU; Wife/Parent; DAVID L. NAUFAHU; minor son; GEORGE L. NAUFAHU; minor son,,

Plaintiff,

vs.

CITY OF SAN MATEO, et al.,

Defendants.

Case No. 07-5189 MMC

**DECLARATION OF LUISA A.P. NAUFAHU IN SUPPORT OF JOINT PETITION TO APPROVE SETTLEMENT AGREEMENT**

I, Luisa A.P. Naufahu, declare as follows:

1. I am a plaintiff in this action, and guardian ad litem for my minor sons David L. Naufahu and George L. Naufahu, who are also named plaintiffs. I have personal knowledge of the facts set forth in this declaration and am competent to testify thereto based on my knowledge. If I were called as a witness, I could and would testify as stated herein.

2. In July 2008, Morgan Lewis & Bockius LLP was appointed ay my pro bono attorney in this matter. Over the course of July and August 2008, I consulted on many occasions with Edward Donnelly, an associate at Morgan Lewis, regarding the facts and legal issues in this case. Mr. Donnelly provided analysis of the settlement agreement, along with analysis of the strengths and weaknesses of our case, and the potential impact of a trial on me and my two sons.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/20823209.1

1

DEC. OF LUISA A.P. NAUFAHU IN SUPPORT OF JOINT PETITION TO APPROVE SETTLEMENT

3.      After receiving this extensive advice and counsel from Mr. Donnelly, and after consulting with my sons and the rest of my family, I have concluded that entering into this settlement agreement is in the best interest of my two sons, David and George. This decision has come after much deliberation and I truly believe the decision to settle now is in the best interests of my sons and the rest of my family.

4.      Attached as Exhibit A is a true and correct copy of the settlement agreement that was entered into before Morgan Lewis' representation. By this declaration, I expressly consent to the terms on behalf of my sons.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed this 3rd day of September, 2008 at San Francisco, California.

*[signature]*
Lusia A.P. Naufahu

# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is entered into effective March 28, 2008 between the City of San Mateo ("San Mateo") and Tevita L. Naufahu, Kasitalea Gus Naufahu, Luisa A.P. Naufahu, David L. Naufahu, and George L. Naufahu (collectively "Naufahu") under the following circumstances as set forth in the Recitals below.

## RECITALS

A. Naufahu filed a lawsuit against San Mateo, assigned San Mateo County Superior Court Case No. CIV 465307 for violations of the 4th and 14th amendments, negligent infliction of emotional distress, false imprisonment, and punitive damages (the "Search Lawsuit"). San Mateo removed the Search Lawsuit to the Northern District of California, where it was assigned case number 07-cv-05189.

B. In addition to the Search Lawsuit, Naufahu has a dispute with San Mateo concerning George Naufahu's arrest and detention by the San Mateo Police Department in April 2007 ("Arrest Dispute"). Naufahu has not filed a lawsuit stemming from the Arrest Dispute.

C. The parties now desire to resolve fully and finally the Search Lawsuit and the Arrest Dispute, collectively "the Lawsuits."

In accordance with the desire to settle and in consideration of the promises made in this Agreement, the parties agree as follows:

## AGREEMENT

1. Within thirty (30) days of execution and delivery of this Agreement by Naufahu, San Mateo will deliver to Naufahu $40,000 by checks made payable to:

   (a) Tevita L. Naufahu in the amount of $2,000.00.

   (b) Kasitalea Gus Naufahu in the amount of $9,000.00.

   (c) Luisa A.P. Naufahu in the amount of $8,000.00.

   (d) David L. Naufahu in the amount of $1,000.00.

   (e) George L. Naufahu in the amount of $20,000.00.

The check to George L. Naufahu will be made out in trust to his Guardian Ad Litem, Luisa A.P. Naufahu, for deposit in a block account and held in trust until he reaches the age of majority.

EXHIBIT A

2. When the checks have cleared, Naufahu shall file a Request for Dismissal with Prejudice of the Search Lawsuit.

## GENERAL RELEASE

3. The obligations set forth above shall constitute consideration for the release of claims set forth in this section.

4. Except with respect to the obligations set forth in this Agreement, Naufahu, for themselves and their respective legal successors and assigns, releases and forever discharges the City of San Mateo, San Mateo County Juvenile Probation, the Association for Bay Area Governments, and the County of San Mateo, and in any capacity (official, individual or otherwise), all of the above-listed governmental and quasi-governmental agencies' respective officers, police officers (including all present or involved with the events leading to Lawsuits, and including but not limited to Officers Mike Kloss, Lee Violett, Henley, Keala Keanaania, Jaime Basurto, Sergeants Dave Peruzzaro, retired Lieutenant Parisian, retired Detective Sergeant Mac Lerner, Detectives Genevieve Guy/Altwer, Rick Decker, Randy Bickel, Rob Carman, Jaime Draper, and Kimber Joyce), juvenile probation officers (including but not limited to Dennis Ruth, Kelly Gallagher, Todd Peras), San Mateo Chief of Police Susan E. Manheimer, directors, employees, agents, attorneys, affiliates, legal successors and assigns of and from any and all claims, demands, damages, debts, liabilities, accounts, reckonings, obligations, costs, expenses, liens, actions and causes of action of every kind and nature whether now known or unknown, suspected or unsuspected, which Naufahu has, owns or holds or at any time before ever owned or held or could, shall or may in the future have, own or hold against the City of San Mateo, San Mateo County Juvenile Probation, San Mateo Police Department, the Association for Bay Area Governments, the County of San Mateo or against any individual associated with the above-listed governmental and quasi-governmental agencies in their official or individual capacities, based upon or arising out of any matter, cause, fact, thing, act or omission occurring or existing at any time up to and including the effective date of this Agreement including, but not limited to, the Lawsuits (the "Released Matter").

5. It is the intention of the parties in executing this Agreement and in paying and receiving the consideration set forth in this Agreement that this Agreement shall be effective as a full and final accord and satisfaction and a release by Naufahu of and from the Released Matter.

6. In furtherance of the intentions set forth in this Agreement, Naufahu acknowledges that Naufahu is familiar with California Civil Code § 1542 which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS, WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER, MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

7. Naufahu waives and relinquishes any rights or benefits which it has or may have under Section 1542 or any similar provision of the law of any other jurisdiction to the full extent that it may lawfully waive their rights and benefits pertaining to the Released Matter. In connection with this waiver and relinquishment, Naufahu acknowledges that Naufahu is aware that Naufahu or Naufahu's attorney or accountants may later discover claims or facts in addition to or different from those which Naufhau knows or believes to exist with respect to the subject matter of this Agreement or the other party to this Agreement or any individual, governmental or quasi-governmental entity involved in the Lawsuits, but that it is their intention hereby fully, finally and forever to settle and release the Released Matter. In furtherance of this intention, the release given in this Agreement shall be and remain in effect as full and complete release as to the Released Matter despite the discovery or existence of any such additional or different claims or facts.

8. Naufahu warrants and represents to the City of San Mateo that Naufahu is the sole and lawful owners of all rights, title and interest in and to the respective Released Matter and that Naufahu has not voluntarily, by operation of law, or otherwise assigned or transferred or purported to assign or transfer to any person any portion of any Released Matter or any claim, demand, or right against the other parties. Any party in breach of this section shall indemnify and hold harmless the other parties from and against any claim, demand, damage, liability, account, reckoning, obligation, cost, expense, lien, action, or cause of action (including payment of attorneys' fees and costs actually incurred whether or not litigation is commenced) based on or in connection with or arising out of any assignment or transfer or purported assignment or transfer.

9. The provisions of this Agreement and the release contained in this Agreement shall extend to and inure to the benefit of and be binding upon, in addition to the parties, just as if they had executed this Agreement, the respective legal successors and assigns of each of the parties.

### DISPUTE RESOLUTION

10. The parties agree that any dispute that arises out of the terms of this Agreement shall be resolved first by mediation and then by binding arbitration. The prevailing party in any dispute arising out of this Agreement will be entitled to recover attorneys' fees, arbitrator's or mediator's fees, and costs.

### ATTORNEYS' FEES

11. Each party shall bear its own costs and attorneys' fees for the Lawsuits.

### GENERAL

12. Naufahu represents that Naufahu has had the opportunity to be represented by independent legal counsel of Naufahu's own choice throughout all of the negotiations which preceded the execution of this Agreement and that it has declined to retain independent legal counsel. Naufahu further acknowledges that San Mateo's counsel, Carr McClellan, has not

acted as its counsel or provided legal advice to Naufahu.

      13.    Naufahu further acknowledges that Naufahu and/or their counsel have had adequate opportunity to make whatever investigation or inquiry Naufahu may deem necessary or desirable in connection with the subject matter of this Agreement prior to its execution and delivery and acceptance of the consideration specified in this Agreement.

      14.    This Agreement shall be interpreted, enforced and governed under the laws of California. The language of this Agreement shall be construed as a whole according to its fair meaning, and not strictly for or against any one of the parties.

      15.    This Agreement is enforceable under Code of Civil Procedure § 664.6, and may be disclosed and admitted into evidence in any legal proceeding brought to enforce the settlement or as an affirmative defense. This Agreement constitutes the entire Agreement between the parties with respect to its subject matter and supersedes all prior negotiations and Agreements concerning the Released Matters, whether written or oral. This Agreement may not be altered or amended except in a writing signed by all of the parties to this Agreement. Neither this Agreement nor any of the obligations created under this Agreement shall be construed as an admission of any party to this Agreement of any liability of any kind to the other parties. Each party expressly denies that it is in any way liable or indebted to the other parties except as set forth in this Agreement.

Dated: 4-9th-08, 2008

                                        _____
                                        Tevita L. Naufahu

Dated: 4-9th-08, 2008

                                        _____
                                        Kasitalea Gus Naufahu

Dated: 4-9th-08, 2008

                                        _____
                                        Luisa A.P. Naufahu

Dated: 4-9th-08, 2008

                                        _____
                                        Luisa A.P. Naufahu as Guardian ad Litem
                                        for David L. Naufahu

Dated: 4-9th-08, 2008

                                        _____
                                        Luisa A.P. Naufahu as Guardian ad Litem
                                        for George L. Naufahu

**PROOF OF SERVICE**

I am employed by the law firm of Carr, McClellan, Ingersoll, Thompson & Horn Professional Law Corporation in the County of San Mateo, California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 216 Park Road, P.O. Box 513, Burlingame, California 94011-0513.

I certify that the original papers filed with the Court and all copies of papers, documents, and exhibits, whether filed with the Court or served on other parties, are prepared on recycled paper. On the date set forth below I served the within:

- **DECLARATION OF LUISA A.P. NAUFAHU IN SUPPORT OF JOINT PETITION TO APPROVE SETTLEMENT AGREEMENT**

on the parties in this action, by placing a true copy thereof in a sealed envelope addressed as follows:

> Edward J. Donnelly, Esq.
> Morgan, Lewis & Bockius LLP
> One Market, Spear Street Tower
> San Francisco, CA  94105

**By placing in office mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Burlingame, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: September 4, 2008

Lori J. Stumpf

26839.00012\BGLIB1\1346763.1                    1

PROOF OF SERVICE OF ANSWER

|     |     |
| --- | --- |
| 1   | **PROOF OF SERVICE** |

2  I am employed by the law firm of Carr, McClellan, Ingersoll, Thompson & Horn Professional Law Corporation in the County of San Mateo, California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 216 Park Road, P.O. Box 513, Burlingame, California 94011-0513.

I certify that the original papers filed with the Court and all copies of papers, documents, and exhibits, whether filed with the Court or served on other parties, are prepared on recycled paper. On the date set forth below I served the within:

- **JOINT PETITION FOR APPROVAL OF SETTLEMENT AGREEMENT**

on the parties in this action, by placing a true copy thereof in a sealed envelope addressed as follows:

> Edward J. Donnelly, Esq.
> Morgan, Lewis & Bockius LLP
> One Market, Spear Street Tower
> San Francisco, CA  94105

**By placing in office mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Burlingame, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: September 4, 2008

_____
Lori J. Stumpf